UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

William Smith,

    Plaintiff,

    v.        Case No. 2:15–cv–1264

Gary Mohr, et al.,    Judge Michael H. Watson
        Magistrate Judge Kemp
    Defendants.

## OPINION AND ORDER

Plaintiff William Smith ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, objects to Magistrate Judge Kemp's report and recommendation ("R&R") issued in this prisoner civil rights case brought pursuant to 42 U.S.C. §§ 1983 and 1986. Obj., ECF No. 39. For the following reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, and **DISMISSES** the case.

## I.    FACTS

Plaintiff, an inmate at Chillicothe Correctional Institution, brings a number of 42 U.S.C. §§ 1983 and 1986 claims against various prison officials. *See* Compl., ECF No. 7; Am. Compl., ECF No. 11; Suppl. Compl., ECF No. 24.

The R&R sets forth without objection the facts alleged in Plaintiff's lengthy complaint, amended complaint, and supplemental complaint as follows:

> The original complaint, in the statement of the claim section, primarily alleges that Mr. Smith has been denied appropriate mental health care for his PTSD since his return to prison. According to the complaint, during his original incarceration, as a result of this condition, Mr. Smith was housed in a "cell only facilit[y]" under a psychiatric treatment plan. Since his return, however, he has been told that current institutional policy does not require that his PTSD be accommodated in this way.

> Consequently, he has been housed in an "open-bay facility" and this has been detrimental to his mental health. Mr. Smith also inserted three pages into the middle of his form complaint captioned as an introduction. These pages include ten paragraphs setting forth claims under 42 U.S.C. §§1983 and 1986, 42 U.S.C. §12131 and 29 U.S.C. §794.a(§504). In these paragraphs, Mr. Smith asserts generally that "various prison officials" failed or refused to supply him with legal copies and mailing thereby denying him meaningful access to the courts, the "arbitrary and capricious enforcement" of prison policy and the Ohio Administrative Code impeded his access to the law library "'chilling' his desire to gain access to the prison law library" and "stalling his legal course," his arbitrary transfer to a maximum security prison, a constitutionally flawed grievance system, due process and equal protection violations, and health hazards as a result of overcrowded conditions.
>
> In his amended complaint, . . . . Mr. Smith asserts that the policies and procedures of ODRC have violated his constitutional rights. He then makes more specific allegations, claiming that various defendants interfered with pending litigation, including a case in which he was to be a witness; that he was punished at Noble [Correctional Institution] for trying to catch up on his litigation; that he was housed at Noble in an overcrowded dormitory and not offered suitable mental health treatment; that he was improperly placed in segregation; that he was exposed to asbestos and histoplasmosis at the Chillicothe institution; and that he was denied entry into a residential treatment program as well as adequate mental health treatment and treatment for an abdominal mass.
>
> In a supplemental complaint, Mr. Smith makes additional allegations, naming a new defendant (Nurse Schoonover) and asserting that she was or should have been aware that overcrowded conditions were detrimental to his mental health, yet she refused to provide him either with one-on-one counseling or a referral for treatment. He avers that she also threatened him with segregation if he continued to insist on mental health treatment and that she and Dr. Kutys treated his legitimate grievances as frivolous.

R&R, ECF No. 38 at PAGEID 507–09. Based on these allegations, the Magistrate Judge noted that Plaintiff's "filings are replete with the conclusory allegation that he has suffered an atypical and significant hardship." *Id.* at PAGEID 526.

The Magistrate Judge, pursuant to two motions to dismiss filed by certain Defendants,[1] ECF Nos. 23 and 32, reviewed the sufficiency of all three of Plaintiff's pleadings under Federal Rule of Civil Procedure 12(b)(6).

The Magistrate Judge found that Plaintiff lacked standing to pursue his "access to the courts" claim because he did not allege any actual prejudice resulting from the alleged limitations on his use of the prison law library. *Id.* at PAGEID 516–17. "[E]ven assuming the defendants acted as Mr. Smith asserts, he did not suffer the type of actual prejudice necessary to support such a claim" *Id.* at PAGEID 517. The Magistrate Judge noted that, even when responding to Defendants' motions to dismiss, Plaintiff continued "to speak in the most vague and general terms without any reference to a specific example of sufficient prejudice." *Id.* at PAGEID 519.

The Magistrate Judge also found that Plaintiff failed to allege a First Amendment retaliation claim. "Mr. Smith's allegations relating to such a claim are sparse, aside from multiple uses of the word 'retaliation.'" *Id.* at PAGEID 521. In particular, Plaintiff did not allege any adverse conduct by Defendants that would deter a person of ordinary firmness from engaging in protected activity. *Id.* at PAGEID 523. He also failed to allege any facts suggesting a causal connection between Defendants' alleged conduct and Plaintiff's protected activity. *Id.* at PAGEID 524. For example, with respect to Plaintiff's claim that Defendants

---

[1] Defendants Byron Beal, Julie Hupp, and Jeremiah Shoemaker filed a motion to dismiss, ECF No. 23. Later, Defendant Sharon Shoonover, who had not yet been served at time of the earlier motion's filing, filed a separate motion to dismiss making essentially the same arguments. ECF No. 32. To date, these appear to be the only four Defendants who have been served with Plaintiff's complaint, amended complaint, or supplemental complaint.

compelled him to appear before the prison's Rules Infraction Board, the Magistrate Judge noted that Plaintiff himself admitted that this was due to his "disrespect" of a prison officer, rather than any protected activity, and that he was found guilty of the offense and chose not to appeal. *Id.* at PAGEID 524.

The Magistrate Judge found that Plaintiff's claims of a due process violation and deliberate indifference to a serious medical need both suffered from the same pleading deficiencies—reliance on legal conclusions that constitutional violations had occurred, without providing sufficient allegations of fact to demonstrate such violations. *Id.* at PAGEID 525–31.

Accordingly, the Magistrate Judge recommended that Defendants' motions to dismiss, ECF Nos. 23 and 32, be granted. The Magistrate Judge noted that a number of Defendants had not been served and, therefore, had not yet participated in the case. R&R, ECF No. 38 at PAGEID 531–32. The Magistrate Judge further recommended that the still-unserved Defendants be dismissed without prejudice under Federal Rule of Civil Procedure 4(m). *Id.* at PAGEID 533. The Magistrate Judge informed Plaintiff that he must object to "specific proposed findings or recommendations" in the R&R within fourteen days. *Id.*

## II. STANDARD OF REVIEW

Magistrate Judge Kemp issued an R&R pursuant to Federal Rule of Civil Procedure 72(b)(2). That rule provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The district judge must determine *de novo* any part of the magistrate judge's

disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### III. ANALYSIS

Plaintiff filed nine objections to the Magistrate Judge's R&R, each containing up to six "Issues Presented for Review." Obj., ECF No. 39. These objections are as follows: (1) the Magistrate Judge improperly delayed in ruling on Plaintiff's request for an injunction, resulting in Plaintiff being subjected to further harm; (2) the Magistrate Judge improperly denied Plaintiff's motion to convert Defendants' motions to dismiss into motions for summary judgment and allow discovery; (3) the Magistrate Judge erred in finding that Defendants did not interfere with Plaintiff's access to the courts; (4) the Magistrate erred in concluding that Defendants did not retaliate against Plaintiff; (5) the Magistrate Judge erred in determining that Plaintiff had not pleaded a Fourteenth Amendment claim; (6) the Magistrate Judge erred in concluding that Defendants did not act in bad faith; (7) the Magistrate Judge improperly interpreted case law and thus "circumnavigate[d]" binding precedent on retaliation claims; (8) the Magistrate Judge erred in concluding that Defendants did not display deliberate indifference to Plaintiff's serious medical need; (9) the Magistrate Judge erred in failing to apply the "professional judgment rule" to the acts of Defendants.

Defendants respond that Plaintiff's objections "only set[ ] forth his general disagreement with Magistrate Judge Kemp's Report and Recommendation," in violation of the Magistrate's Act, 28 U.S.C. § 631, *et seq.* Resp., ECF No. 42 at

PAGEID 548. Therefore, "the Court should have little difficulty denying [Plaintiff's] Objections and adopting the thorough, comprehensive, and well-researched Report and Recommendation of Magistrate Judge Kemp." *Id.* at PAGEID 549–50.

This Court addresses each of Plaintiff's objections below.

### 1. Objections 1, 3, 4, 5, 6, 8, and 9

Defendants are correct that the majority of Plaintiff's objections cannot be construed as anything other than a general objection to the entirety of the Magistrate Judge's R&R, which does not suffice to preserve issues for appeal. *See Howard v. Sec. of Health and Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object.") "This rule, first promulgated in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981), is intended to promote 'judicial efficiency.'" *Henson v. Warden, London Corr. Inst.*, 620 F. App'x 417, 420 (6th Cir. 2015).

> The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

*Howard*, 932 F.2d at 509.

Accordingly, with respect to these general "objections," the Court rules that Plaintiff has not presented any issues for review or preserved any issues for appeal. Moreover, even if Plaintiff's objections were properly before the Court, it is apparent

that they would be unavailing. This Court, having independently reviewed the parties' briefs, the R&R, and the legal authorities cited therein, sees no basis to depart from the Magistrate Judge's recommendation.

### 2. Objection 2

Not all of Plaintiff's objections fail for lack of specificity, however. At objection 2, Plaintiff argues that the Magistrate Judge erred in not converting Defendants' motions to dismiss into motions for summary judgment, and thereafter staying decision and allowing Plaintiff to conduct discovery on his claims under Federal Rule of Civil Procedure 56(c). Obj., ECF No. 39 at PAGEID 535. The Court, recognizing that Plaintiff is appearing *pro se* and is thus entitled to some leniency, finds that this challenge is properly before the Court and preserved for appeal.

Plaintiff did not file a stand-alone motion to convert Defendants' motions to dismiss. Instead, in his response to the first motion to dismiss, he incorporated a section entitled "Defendants' Motion to Dismiss should be converted into a Motion for Summary Judgment pursuant to Rule 56(c)." Resp., ECF No. 29 at PAGEID 430. And, in Plaintiff's response to the second motion to dismiss, he included a one-line request that "[D]efendant's Rule 12(b)(6) motion should be converted into a Rule 56(c) motion and denied." Resp., ECF No. 35 at PAGEID 486. In support of his request, Plaintiff generally argued that Defendants had presented no evidence to refute his allegations, and then he rehashed nearly all of his allegations and legal conclusions. Resp., ECF No. 29 at PAGEID 430–33.

The Magistrate Judge denied this request, finding that Defendants had not attempted to rely on any materials outside of Plaintiff's pleadings. R&R, ECF No. 38

at 512–13. The Magistrate Judge ruled, "[i]n light of this, the Court sees no reason to convert the motions to dismiss to summary judgment motions and will consider the motions under Fed.R.Civ.P.12(b)(6)." *Id.* at PAGEID 513.

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may only attack the facial sufficiency of the plaintiff's allegations, including any exhibits incorporated into the complaint. If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

Despite properly objecting, Plaintiff's argument is unavailing. Here, Defendants' motions to dismiss relied solely on Plaintiff's allegations and the exhibits he attached to and incorporated into his three pleadings. Mot. Dismiss, ECF No. 23; Mot. Dismiss, ECF No. 32. In fact, Plaintiff conceded as much, arguing in his response to the Motions that Defendants failed to present any "sworn affidavit" or other evidence to refute "the facts alleged by [Plaintiff] to have occurred." Resp., ECF No. 29 at PAGEID 430.

Accordingly, Defendants' motions were properly reviewed and granted under Federal Rule of Civil Procedure 12(b)(6). Neither Defendants nor the Magistrate Judge relied upon any materials outside the pleadings. Plaintiff's second objection is overruled.

### 3. Objection 7[2]

At objection 7, Plaintiff argues that the Magistrate Judge misapplied specific case law from the United States Court of Appeals for the Sixth Circuit. Obj., ECF No. 39 at PAGEID 539. Plaintiff argues that the Magistrate Judge improperly relied on *Jackson v. Madery*, 158 F. App'x 656 (6th Cir. 2005) in dismissing his retaliation claims. ECF No. 39 at PAGEID 539. Plaintiff claims that this decision "conflicts" with another, earlier Sixth Circuit case, *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999) and thus "circumnavigates prior decisions from the U.S. Supreme Court." ECF No. 39 at PAGEID 539.

Here, the Magistrate Judge ruled that Plaintiff could not rely on his compelled appearance before the prison Rules Infraction Board—where Plaintiff was found guilty of disrespecting a prison officer—as an example of Defendants' retaliatory conduct. R&R, ECF No. 38 at PAGEID 524. In so doing, the Magistrate Judge relied in *Madery* for the proposition that "[a] finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim.'" *Id.* (quoting *Madery*, 158 F. App'x at 662). *Id.* The Magistrate Judge properly interpreted and applied the rule in *Madery*.

*Madery*, and the Magistrate Judge's application of it to this case, does not conflict with *Thaddeus-X*.[3] In fact, it is difficult to discern the basis for Plaintiff's concern. In *Thaddeus-X*, the Sixth Circuit did not consider whether a compelled

---

[2] This objection was mistakenly labeled as "number six," but it is the seventh objection listed in Plaintiff's objections. ECF No. 39 at PAGEID 539.

[3] The Magistrate Judge was clearly aware of *Thaddeus-X*, 175 F.3d 378. He cited it at various points throughout the R&R, including for the elements of a prima facie claim of First Amendment retaliation. *See, e.g.*, ECF No. 38 at PAGEID 515, 522.

appearance before the prison's Rules Infraction Board could be considered retaliatory, whether or not it resulted in a finding of guilt. Instead, the alleged retaliatory conduct before the Sixth Circuit was of a different nature entirely: "Harassment, physical threats, and transfer to the area of the prison used to house mentally disturbed inmates[.]" *Thaddeus-X*, 175 F.3d at 398.

In short, nothing in *Thaddeus-X* calls into question the validity of *Madery* or the Magistrate Judge's reliance on its holding.[4] Accordingly, Plaintiff's seventh objection is overruled.

## IV. CONCLUSION

The Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, and **DISMISSES** the case with prejudice against Defendants Beal, Hupp, Shoemaker, and Shoonover, and without prejudice against all other Defendants. The Clerk shall terminate the case.

**IT IS SO ORDERED.**

*[signature]*
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**

---

[4] The Magistrate Judge did not recommend dismissing Plaintiff's retaliation claim based on his appearance before the prison Rules Infraction Board solely because he was found guilty of misconduct, by the Board a finding Plaintiff did not appeal. R&R, ECF No. 38. The Magistrate Judge also found that Plaintiff had failed to allege any casual connection between his appearance before the Rules Infraction Board, or any other allegedly retaliatory event, and Plaintiff's protected activity. *Id.* On this point, the Court agrees.